| | |
|---|---|
| **JAMES WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4445** |
| **PAUL BOLOTOVSKY, et al.** | **SECTION: "G"(3)** |

## ORDER

This litigation arises out of Plaintiff James Williams' ("Plaintiff") claim for damages sustained when motorist Paul Bolotovsky ("Bolotovsky") allegedly collided his vehicle with Plaintiff, who was riding his bicycle at the time.[1] Plaintiff filed this action in the Civil District Court for the Parish of Orleans on September 2, 2016, against Defendants Uber Technologies, Inc., ("Uber"), later substituted by Plaintiff for Rasier, LLC ("Rasier" or "Defendant"),[2] James River Insurance Company, and an unknown insurance company providing automobile or other liability insurance to Bolotovsky (collectively, "Defendants").[3] On May 1, 2017, Rasier, Bolotovsky's employer, removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4] Pending before the Court is Plaintiff's motion to remand.[5] Having considered the motion, the memoranda in support and opposition, and the applicable law, the Court will grant Plaintiff's motion and remand the case to state court.

---

[1] Rec. Doc. 1-2 at 2.

[2] On November 4, 2016, Plaintiff substituted Rasier, LLC for Uber in the first supplemental and amending petition for damages. Rec. Doc. 1-3 at 1.

[3] *Id*. at 1.

[4] Rec. Doc. 1 at 1.

[5] Rec. Doc. 13.

# I. Background

## A.    *Factual Background*

In the petition for damages, Plaintiff alleges that on August 12, 2016, he was riding his bicycle on North Rampart Street proceeding towards a green light signal at the intersection of North Rampart Street and Esplanade Avenue.[6] Plaintiff alleges that before making a right turn onto North Rampart Street at the intersection, Bolotovsky failed to yield at the red light signal and made a right turn before coming to a complete stop, causing a collision with Plaintiff as he rode his bicycle.[7] Plaintiff alleges that as a result of this collision, he was thrown from his bicycle, sustaining severe, permanent, and debilitating injuries to his neck, back, and head, requiring immediate emergency surgery.

According to Plaintiff, Bolotovsky resides in Orleans Parish and was employed by Rasier as an independent contractor driver.[8] Plaintiff avers that as a driver for Rasier, Bolotovsky was insured under a commercial automobile liability insurance provided by James River Insurance Company.[9] Plaintiff avers that Bolotovsky simultaneously used technology provided by Rasier as an independent contractor and driver.[10] Plaintiff additionally avers that Bolotovsky was covered by individual automobile liability insurance provided by an unknown insurer.[11]

---

[6] Rec. Doc. 1-2 at 2.

[7] *Id.*

[8] Rec. Doc. 1-3 at 4.

[9] *Id.*

[10] *Id.*

[11] *Id.*

Plaintiff alleges that the collision was caused by Bolotovsky's negligence.[12] Plaintiff further alleges that Rasier is vicariously liable for Plaintiff's injuries as Bolotovsky's employer at the time of the incident, or alternatively, Rasier is liable for its negligence in hiring, training, or supervising Bolotovsky.[13] Plaintiff avers that he is entitled to recover damages for the following: (1) past, present, and future medical costs; (2) past and future physical disability; (3) past, present, and future physical, mental, and emotional pain and suffering; (4) and present and future lost wages.[14]

## B. Procedural Background

On September 2, 2016, Plaintiff filed a petition for damages in the Civil District Court for the Parish of Orleans.[15] On November 4, 2016, Plaintiff filed a first supplemental and amending petition for damages, substituting Rasier for Uber.[16] On May 1, 2017, Rasier removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[17] On June 26, 2017, Plaintiff filed a motion to remand to state court.[18] Rasier filed a memorandum in opposition on July 10, 2017.[19] Plaintiff did not request leave of court to file a reply memorandum.

---

[12] Rec. Doc. 1-2 at 3.

[13] Rec. Doc. 1-3 at 4–5.

[14] Rec. Doc. 1-2 at 3.

[15] *Id.* at 1.

[16] Rec. Doc. 1-3 at 1.

[17] Rec. Doc. 1 at 1.

[18] Rec. Doc. 13.

[19] Rec. Doc. 15.

## II. Parties' Arguments

### A.  *Defendant's Notice of Removal*

In the notice of removal, Defendant acknowledges that the petition for damages alleged that both Plaintiff and Bolotovsky were domiciled in Louisiana and, thus, complete diversity did not exist to invoke federal jurisdiction.[20] However, Defendant asserts, this Court has subject matter jurisdiction over the case based upon complete diversity of citizenship because Plaintiff is, in fact, domiciled in Arizona.[21] Defendant argues that while Plaintiff "has resided in Louisiana for the past six years, his prior domicile in Arizona was clearly not abandoned."[22] Defendant avers that Plaintiff continues to hold an Arizona driver's license, is still registered to vote in Arizona, and claims his address in Arizona for all medical bills and important mail.[23] Defendant further avers that Plaintiff has never purchased and/or rented property in Louisiana.[24] Therefore, Defendant argues, while Plaintiff may be present in the state of Louisiana, he has not established the intent to remain in Louisiana or clearly abandoned his domicile in Arizona.[25] In addition, Defendant cites two cases in the Middle District of Louisiana as examples where a court found that a party was not domiciled in a state despite living in that state.[26]

---

[20] Rec. Doc. 1 at 3.

[21] *Id*. at 3–4.

[22] *Id.* at 4.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.* (citing *Truxillo v. American Zurixh Ins. Co.*, 20016 WL 6987127 (M.D. La. Oct. 24, 2016); *Sanderson v. Progressive Ins. Co.*, 2014 WL 2993816 (M.D. La. July 1, 2014)).

### B. *Plaintiff's Motion to Remand*

In the memorandum in support of the motion to remand, Plaintiff argues that this Court lacks subject matter jurisdiction for lack of complete diversity of citizenship.[27] Plaintiff argues that Defendant's allegation that Plaintiff is a citizen of Arizona is not accurate.[28] Plaintiff avers that he was raised in Arizona, went to college in Arizona, but then moved from his parents' home in Arizona to New Orleans six years ago and has worked as a jazz musician in New Orleans ever since.[29] Plaintiff therefore avers that he has changed his domicile to New Orleans despite "some attenuated contacts with his childhood home."[30]

Plaintiff alleges that Defendant's representation that Plaintiff has never rented property in New Orleans is inaccurate because, although Plaintiff has never been a signatory on the lease, Plaintiff has always rented an apartment in New Orleans.[31] According to Plaintiff's deposition testimony, he considers himself to be a permanent resident of Louisiana.[32] Plaintiff avers that while he has remained registered to vote in Arizona, he has not voted there since the 2012 presidential election.[33] In addition, Plaintiff avers that when he owned a car, it was registered in Louisiana, and after he sold the car, he traveled by bicycle, which is garaged in New Orleans.[34] Plaintiff acknowledges that his driver's license is from Arizona, but avers that is the case because he thought

---

[27] Rec. Doc. 13-1 at 1.

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.* at 2.

[32] *Id.* at 3.

[33] *Id.*

[34] *Id.*

he would need it to transfer records to Louisiana.[35] Plaintiff also acknowledges that he receives medical bills at his parents' address but avers that all other mail is received at his New Orleans address.[36]

In further support of establishing that his domicile is in Louisiana, Plaintiff avers that he has taught at the New Orleans Jazz Institute since moving to New Orleans, in addition to being a professional musician.[37] Plaintiff also avers that he taught at the New Orleans Jazz Orchestra for approximately one year when he first moved to New Orleans.[38] Plaintiff also avers that he has never lived anywhere else after leaving Arizona and has been a member and band leader of a band called The New Orleans Swamp Donkeys for the past five years.[39] Furthermore, Plaintiff avers, he maintains his personal bank account at the Capital One branch on St. Charles Avenue and maintains a business bank account with Chase at its French Quarter branch.[40]

Plaintiff argues that the removing party bears the burden of establishing federal jurisdiction and Defendant has failed to prove by a preponderance of the evidence that the jurisdictional requirement of complete diversity is met.[41] Plaintiff cites two Fifth Circuit cases and two cases in the Eastern District of Louisiana as examples where the court determined that despite indicia of domicile in one state, such as a mailing address, ownership of property, voter registration, and

---

[35] *Id.*

[36] *Id.*

[37] *Id.* at 4.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.* at 6 (citing *Willy v. Coatal Corp.* 855 F.2d 1160 (5th Cir. 1988); *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770 (5th Cir. 1986)).

driver's license, other factors, such as job location, address of residency, and statement of intent to stay, weighed in favor of establishing that the party had changed domiciles.[42]

Plaintiff identifies three facts that weigh against Louisiana citizenship and in favor of Arizona citizenship: his Arizona driver's license, registration to vote in Arizona, and "childhood domicile."[43] Plaintiff avers, however, that the following ten factors in favor of Louisiana citizenship "grossly outweigh[]" those in favor of Arizona citizenship: that Plaintiff (1) lived in New Orleans uninterrupted for the past six years; (2) owned an automobile registered in Louisiana while living in New Orleans; (3) banks at Chase Bank on St. Charles Avenue in New Orleans; (4) has his business, The New Orleans Swamp Donkeys, registered in New Orleans; (5) has his business bank at the French Quarter Branch of Capital One in New Orleans; (6) has a telephone with a New Orleans area code of "504"; (7) has his business manager, Oren Krinsky, located in New Orleans; (8) keeps his personal belongings and bicycle in New Orleans; (9) maintains the intent for New Orleans to be his permanent home; and (10) works in New Orleans as a jazz musician.[44] Weighing these factors, Plaintiff argues, Plaintiff is a Louisiana citizen, and therefore this Court lacks subject matter jurisdiction, as the parties are not completely diverse, and should remand the case to state court.[45]

---

[42] *Id*. at 6–8 (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *Galladora v. Waffle House, Inc.*, 2016 U.S.Dist. LEXIS 73346 (E.D. La. June 6, 2016); *Veranda Assoc. L.P. v. Hooper*, 496 Fed. Appx. 455 (5th Cir. 2012); *Ochoa v. PV Holding Corp.*, 2000 U.S. Dist. Lexis 9587, 2007 WL 496612 (E.D. La. 2007)).

[43] *Id*. at 8.

[44] *Id*. at 8–9.

[45] *Id*. at 9.

## C.    *Defendant's Opposition*

In the memorandum in opposition to the motion to remand, Defendant argues that a litigant's statement of intent is relevant to determination of domicile but entitled to little weight if it conflicts with objective facts.[46] Defendant emphasizes that "no single factor is determinative in determining litigant's domicile."

Defendant avers that Plaintiff maintains a transient lifestyle and reiterates that Plaintiff does not own or rent property in Louisiana.[47] Defendant points out that Plaintiff has resided at "no less than six" different addresses since "traveling to Louisiana."[48] Defendant further poses the question, "If Plaintiff truly resides in Louisiana for at least seven years . . . would it not be reasonable to expect that Plaintiff would rent or own property in order to put down more solid roots?"

Defendant additionally rejects Plaintiff's characterization of certain facts as "insignificant."[49] Defendant asserts that Plaintiff's attempt "to downplay" his voter registration is unsuccessful in that his choice to exercise his right to vote in Arizona after coming to Louisiana is actually revealing.[50] Defendant further calls into question that Plaintiff traveled to an Arizona Department of Motor Vehicles to have a new license issued while "home for a visit."[51] In addition,

---

[46] Rec. Doc. 15 at 3.

[47] *Id.*

[48] *Id.*

[49] *Id.* at 4.

[50] *Id.*

[51] *Id.*

Defendant questions why Plaintiff has "fail[ed] to attach a single shred of mail delivered to him in Louisiana."[52]

Defendant cites *Oil State Skagit Smatco, LLC v. Dupre*, a case in the Eastern District of Louisiana, as evidence that "Louisiana [f]ederal [c]ourts have found a party to be domiciled in a state other than the state in which he or she claimed to reside."[53] Defendant accordingly argues that "Plaintiff's self-serving statements are clearly contradicted by objective facts in the record and must, therefore, be afforded little weight."[54] Therefore, Defendant argues, Plaintiff's domicile has not changed from Arizona to Louisiana, and federal jurisdiction is proper.[55]

### III. Law and Analysis

#### A.  *Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[56] A federal court has subject matter jurisdiction over an action "where the matter for controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[57] "When removal is based on diversity of citizenship, the diversity must exist at the time of the removal."[58] The removing party bears the burden of demonstrating that federal jurisdiction exists.[59] In assessing whether removal was appropriate, the Court is guided

---

[52] *Id.*

[53] *Id.* (citing *Oil State Skagit Smatco, LLC v. Dupre*, 2010 WL 2605748 (E.D. La. June 21, 2010)).

[54] *Id.* at 5.

[55] *Id.*

[56] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[57] 28 U.S.C. § 1332(a)(1).

[58] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Prac. and Proc.* § 3723 (1998 ed.)).

[59] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[60] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[61]

In *Coury v. Prot*, the Fifth Circuit laid out the framework for determining citizenship of natural persons in § 1332 diversity cases:

> The fourteenth amendment to the Constitution provides that: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." United States Const. amend. XIV, § 1. However, "reside" has been interpreted to mean more than to be temporarily living in the state; it means to be "domiciled" there. Thus, to be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state.[62]

Therefore, for the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile.[63] To determine a litigant's domicile, courts consider many factors including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[64] While the court should consider where the litigant claims to be domiciled, his assertion is "entitled to little weight if it conflicts with the objective facts."[65] "In making a jurisdictional assessment, a

---

[60] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[61] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[62] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[63] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797 (5th Cir. 2007).

[64] *Coury*, 85 F.3d at 251.

[65] *Id.*

federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[66]

### B.    *Analysis*

Defendant argues that Plaintiff is not a citizen of Louisiana because he continues to hold an Arizona driver's license, is still registered to vote in Arizona, claims his address in Arizona for all medical bills and important mail, and has never purchased and/or rented property in Louisiana.[67] Plaintiff argues that he is a citizen of Louisiana as evidenced by the following ten facts: Plaintiff (1) lived in new Orleans uninterrupted for the past six years; (2) owned an automobile registered in Louisiana while living in New Orleans; (3) banks at Chase Bank on St. Charles Avenue in New Orleans; (4) has his business, The New Orleans Swamp Donkeys, registered in New Orleans; (5) has his business bank at the French Quarter Branch of Capital One in New Orleans; (6) has a telephone with a New Orleans area code of "504"; (7) has his business manager, Oren Krinsky, located in New Orleans; (8) keeps his personal belongings and bicycle in New Orleans; (9) maintains the intent for New Orleans to be his permanent home; and (10) works in New Orleans as a jazz musician.[68]

"[T]o be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state."[69] Plaintiff's status as a citizen of the United States is not disputed. Based on the facts asserted by Plaintiff along

---

[66] *Id*. at 249.

[67] Rec. Doc. 1 at 4.

[68] *Id*. at 8–9.

[69] *Coury*, 85 F.3d at 248.

with his personal testimony, it appears that he is not simply "temporarily living in [Louisiana]."[70] He has continuously maintained a home in New Orleans for six years, where he controls his finances, operates his business, and has centralized his personal associations, including telephone contact and belongings.

Defendant's argument that Plaintiff has not owned or rented property in Louisiana is unavailing because Plaintiff has rented property in New Orleans since moving here, in practice, if not on paper. The three remaining factors that Defendant points to, that Plaintiff continues to hold an Arizona driver's license, is still registered to vote in Arizona, and claims his address in Arizona for all medical bills and important mail, do not outweigh in number or substance the ten factors Plaintiff has set forth in favor of establishing Louisiana domicile.

## IV. Conclusion

In light of the evidence presented, it appears that Plaintiff is a citizen of Louisiana, and that there is not complete diversity between the parties. Thus, the Court lacks subject matter jurisdiction over the instant action and will remand the case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[71] is granted.

**IT IS FURTHER ORDERED that** the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 16th day of October, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[70] *Id.*

[71] Rec. Doc. 13.